# EXHIBIT 4

# SETTLEMENT AGREEMENT

**Between**

Polymer Technology Systems. Inc.
7736 Zionsville Road
Indianapolis, IN 46268
U.S.A.

– hereinafter referred to as "PTS" –

**And**

Roche Diagnostics GmbH
Sandhofer Strasse 116
D-68305 Mannheim
Germany
- hereinafter referred to as "RDG"

and

Roche Diagnostics Corporation
9115 Hague Road
Indianapolis, IN 46250-0457
U.S.A.
-    hereinafter referred to as "RDC" –

-    hereinafter collectively referred to as "ROCHE" -

**RECITALS**

**WHEREAS,** RDG and RDC are the owners of certain Patents-In-Suit relating to point-of-care instruments for the measurement of lipids and triglycerides in blood and

**WHEREAS,** RDG and RDC have filed a patent infringement suit against PTS before the Unites States District Court, Southern District of Indiana;

**WHEREAS,** the Parties wish to settle the disputes between each of them relating to the Patents-in-Suit under the terms of this Agreement and terminate all legal proceedings; and

**WHEREAS,** PTS wishes to license Patents-In-Suit, and ROCHE is willing to grant such license.

**NOW, THEREFORE,** in consideration of the recitals and the mutual covenants and obligations contained herein, ROCHE and PTS agree as follows:

**ART. 1   DEFINITIONS**

1.1     "Affiliate" shall mean any corporation, partnership or entity which either Party directly or indirectly controls, is controlled by or is under common control with, provided that "control" shall mean the holding of 50% or more of the voting stock or other ownership interests of the entity concerned. With respect to ROCHE the term "Affiliate" shall not include Genentech, Inc., 1 DNA Way, South San Francisco, California 94080-4990, U.S.A. ("Genentech") nor Chugai Pharmaceutical Co., Ltd, 1-9, Kyobashi 2-chome, Chuo-ku, Tokyo, 104-8301, Japan ("Chugai"), respectively, unless ROCHE opts for such inclusion of Genentech and/or Chugai by giving written notice to PTS.

1.2     "Agreement" shall mean this Settlement Agreement.

1.3     "License Agreement" shall mean a nonexclusive license agreement between ROCHE and PTS in the identical wording and format as attached as Exhibit A to

*CR w/*

this Agreement in respect of the use of the patents and patent applications listed in that License Agreement.

1.4    "Effective Date" shall mean August 1, 2003.

1.5    "Patents-In-Suit" shall mean  the following patents:

    1.5.1    U.S. Patent No. 6,171,849 ("the '849 patent"), entitled "Method for the Determination Of HDL Cholesterol by Means of a Rapid Diagnostic Agent with an Integrated Fractionating Step", which was legally issued by the U.S. Patent and Trademark Office on January 9, 2001.

    1.5.2    U.S. Patent No. 5,786,164 ("the '164 patent"), entitled "Method for Separating Non-High Density Lipoproteins from Lipoprotein Containing Body Fluid Samples", which was legally issued by the U.S. Patent and Trademark Office on July 28, 1998.

    1.5.3    U.S. Patent No. 6,214,570 ("the '570 patent"), entitled "Method for Separating Non-HDLs from HDLs and Determining HDL Cholesterol", which was legally issued by the U.S. Patent and Trademark Office on April 10, 2001.

    1.5.4    U.S. Patent No. B1 4,816,224 ("the '224 Patent"), entitled "Device for Separating Plasma or Serum From Whole Blood and Analyzing the Same", which was legally issued by the U.S. Patent and Trademark Office on March 28, 1989.  The U.S. Patent and Trademark Office reconfirmed the validity of this patent, after reexamination, on March 10, 1992.

    1.5.5    U.S. Patent No. 5,366,609 ("the '609 patent"), entitled "Biosensing Meter with Pluggable Memory Key", which was legally issued by the U.S. Patent and Trademark Office on November 22, 1994

1.6    "Party" and "parties" shall mean either PTS or ROCHE, individually or collectively.

1.7    "ROCHE Action" shall mean the patent infringement suit against PTS filed by RDG and RDC before the Unites States District Court, Southern District of Indiana,

Gs w/

Indianapolis Division, Civil Action No. 1:03-CV-0848 JDT-WTL alleging infringement of Patents-In-Suit by PTS.

## ART. 2   PTS' UNDERTAKINGS

Stipulated Final Judgment.  PTS agrees to cooperate in having the Court enter the Stipulated Final Judgment attached as Exhibit B.

## ART. 3   ROCHE'S UNDERTAKINGS

Stipulated Final Judgment.  ROCHE will have the Court enter the Stipulated Final Judgment attached as Exhibit B as soon as possible after PTS has made the payments and executed the License Agreement provided by this Settlement Agreement. ROCHE will agree to such enlargement of time for PTS to answer the complaint filed in the ROCHE Action as may be necessary until the Stipulated Final Judgment has been entered by the Court.

## ART. 4   FURTHER ASSURANCES

4.1     Covenant.  Each party undertakes to the other party to sign all documents and to do all other acts which may be necessary to give full effect to this Agreement.

4.2     Costs and Attorney's Fees.  Each party shall pay the costs and expenses incurred by it in connection with the entering into of this Agreement and advice received from its lawyers and patent agents.

4.3     Court fees.  Each party shall bear its own costs which have arisen or will arise in any of the Actions. Any reimbursement of court costs will be to the benefit of the party which has paid in the court those costs. Any invoice for payment issued by a court as a result of the withdrawal of an Action will paid by the respective plaintiff.

4.4     <u>Warranty</u>.   ROCHE and PTS warrant that they are entitled to dispose of the respective legal claims connected therewith. Furthermore, ROCHE and PTS represent that they have not issued any legal proceedings against each other, other than those defined under Section 1.7.

4.5     <u>Dispositions of Claims</u>.   ROCHE and PTS declare that all their claims with respect to the causes of action in the ROCHE Action, whether known or unknown, are definitely set aside by the execution and fulfillment of this Agreement and entry of the Stipulated Final Judgment attached as Exhibit B.

4.6     <u>Third Party Rights</u>.   PTS and RDG agree that this Agreement does not grant any rights to, and does not impose any obligations on, any third parties, whatsoever.

## ART. 5   ADDITIONAL AGREEMENTS

<u>License Agreement</u>.   The parties agree to enter into the License Agreement under the Patents-In-Suit and all equivalents, national counterparts, substitutions, additions, extensions, divisionals, utility models, continuations, continuations-in-part, re-examinations, re-issues or registrations thereof worldwide. The License Agreement shall be signed simultaneously with this Agreement.

## ART. 6   CONFIDENTIALITY

The terms of this Agreement are confidential, and neither party shall disclose the terms of this Agreement or any related documents to any third party without the written consent of the other, except that:

(a)     The parties may disclose the fact (but not the underlying terms) of the license agreements and the covenant-not-to-sue as set forth herein.

(b)     The terms of this Agreement and related documents may be disclosed to:

(i) Parties in future lawsuits if done pursuant to a Court Order that maintains the confidentiality of information;

(ii) Potential investors and financial institutions under a non-disclosure agreement; or

(iii) As necessary for any party to enforce its rights under this Agreement.

## ART. 7   GOVERNING LAW AND JURISDICTION

7.1     This Agreement (but not the associated License Agreement) is governed by Indiana law.

7.2     This Court shall retain jurisdiction to enforce the terms of this Agreement (but not the associated License Agreement).

7.3     IN WITNESS WHEREOF, each Party has caused this Agreement to be executed on its behalf by its duly authorized officer as of the Effective Date.

*[The remainder of this page has intentionally been left blank]*

CKS ✓/

Roche Diagnostics GmbH

By:  i.V. _____
           (Signature)

     H.-J. Neuer
     _____
     (Printed Name)

     Licensing Manager
     _____
     (Title)

     December 15, 2003
     _____
     (Date)

And
By:  i.V. _____
           (Signature)

     C. Böckstiegel
     _____
     (Printed Name)

     Legal Counsel
     _____
     (Title)

     December 15, 2003
     _____
     (Date)


Roche Diagnostics Corporation

By:  _____
     (Signature)

     STEVE A. OLDHAM
     _____
     (Printed Name)

     UP GENERAL COUNSEL & SECY
     _____
     (Title)

     DECEMBER 17, 2003
     _____
     (Date)

Polymer Technology Systems, Inc.

By:  _____
     (Signature)

     Robert E. Huffstodt
     _____
     (Printed Name)

     President & C.E.O.
     _____
     (Title)

     12/15/03
     _____
     (Date)