UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| | ) | |
| POLYMER TECHNOLOGY SYSTEMS, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:10-cv-0061 LJM-TAB |
| | ) | |
| ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS GMBH, ROCHE DIAGNOSTICS OPERATIONS, INC., ROCHE OPERATIONS LTD., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF ROCHE'S
MOTION TO STRIKE PTS'S REPLY IN SUPPORT
OF ITS MOTION TO ENJOIN ARBITRATION**

Roche respectfully moves to strike the document entitled "Plaintiff's Reply Memorandum in Support of Motion to Enjoin Arbitration," filed by Polymer Technology Systems, Inc. ("PTS") on May 17, 2010 (D.I. No. 84) for the following reasons:

PTS's so-called "reply" brief is nothing more than an improper and untimely attempt to get the "last word" by effectively filing a sur-reply in opposition to Roche's pending motion to dismiss and to compel arbitration of PTS's non-infringement claim. While PTS did file, with its opposition to Roche's motion, a cross-motion to enjoin the already-pending German arbitration initiated by Roche pursuant to the arbitration clause in the License Agreement, PTS did not support this cross-motion with any argument other than that made in opposition to Roche's motion. (PTS Opp. Br. 4, 22, and 23.) As a result, PTS's purported reply brief on its cross motion contains, by definition, arguments improperly raised for the first time in reply. *See Carter v. Tennant Co.*, 383 F.3d 673, 678 (7th Cir. 2004) (new arguments raised for the first time in a reply brief are considered waived). Courts are uniform in holding that this kind of gamesmanship has no place in the judicial system. *See Pike v. Caldera*, 188 F.R.D. 519, 537 (S.D. Ind. 1999); *see also United States v. Portis*, 542 F.2d 414, 418 (7th Cir. 1976) (condemning "gamesmanship in getting the last word").

In addition, PTS's "reply" brief goes far beyond the limited scope of its own cross-motion, which seeks to enjoin Roche "from arbitrating *infringement*" disputes between the parties. (D.I. No. 60 (emphasis added).) Even a cursory review of PTS's "reply" brief reveals PTS's repeated efforts to get a second bite at the apple on the separate question of whether PTS has discharged its *invalidity* claims, which is solely the subject of Roche's motion to dismiss, and is not implicated by the cross-motion to enjoin the arbitration. (PTS Reply Br. 1:7-2:4, 5:13-6:16.) A cross-movant cannot, as PTS has done here, use its reply brief as a second opportunity

to oppose the adverse party's motion.  *See, e.g.*, *Poullos v. United States*, Nos. C 05-03690, 2006 WL 3050828, at \*13 n.7 (N.D. Cal. Oct. 26, 2006) (striking plaintiff's "reply" brief because it was not directed to its cross-motion); *Amerigas Propane, L.P. v. BP America, Inc.*, No. 08 CV 981, 2010 WL 725559, at \*7 (N.D. Ill. Feb. 25, 2010); *see also USX Corp. v. Liberty Mut. Ins. Co.*, 444 F.3d 192, 201-02 (3d Cir. 2006) (striking portions of appellee's reply brief not addressed to its request for relief); *Utility Workers of America, Local No. 246, AFL-CIO v. Southern California Edison*, 852 F.2d 1083, 1084 n.1 (9th Cir. 1988) (same).

While this type of gamesmanship is improper in its own right, *see, e.g.*, *Portis*, 542 F.2d at 418, PTS's "reply" brief attempts to mislead to the Court as to, at least, the following legal principles governing the parties' motions:

*First,* PTS argues that the Court may consider declarations submitted by PTS purporting to show differences between the current and previous versions of the Cardiochek® devices because a "motion to compel arbitration and dismiss . . . is considered a Rule 12(b)(3) motion." (PTS Reply Br. at 2.)  However, PTS glosses over the fact that its declarations are only relevant, if at all, to the issue of whether its *invalidity* claim is barred by res judicata (PTS Opp. Br. at 14-16).  As Roche pointed out in its reply brief, a motion pursuant to Rule 12(b)(6) (not Rule 12(b)(3)) is the proper vehicle for raising the defense of res judicata at the pleading stage.  *See, e.g.*, *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). And it is hornbook law that "[a]ffidavits are not properly considered in deciding upon a motion under Rule 12(b)(6)." *Fredrick v. Simmons Airlines*, Inc., 144 F.3d 500, 504 (7th Cir. 1998).[1]

*Second*, PTS argues that it should be permitted to introduce extrinsic evidence because Roche has filed "exhibits outside the pleadings."  (PTS Reply Br. at 3.)  Again, PTS seriously

---

[1]       While a motion to compel arbitration is appropriately brought pursuant to Rule 12(b)(3), *see Continental Casualty Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005), PTS's declarations do not relate to Roche's motion to compel arbitration. (PTS Opp. Br. at 10-14).

mischaracterizes Roche's position.  As noted in Roche's opening brief, certain documents are so

integral to PTS's complaint that they may be deemed part of the pleadings in this action.  (Roche

Br. at 3 n.1.)   Those documents, which include the complaint in the 2003 litigation, the

Settlement Agreement, and the License Agreement, are properly considered in ruling upon a

12(b)(6) motion. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009).  PTS did not

object to those documents in its opposition brief, and it cannot raise new arguments with respect

to those documents at this late stage. *See United States v. Feinberg*, 89 F.3d 333, 341 (7th Cir.

1996).  The fact that those integral documents can be considered does not mean that all extrinsic

evidence, including PTS's declarations, somehow becomes relevant at the Rule 12(b)(6) stage.

*See e.g., U.S. ex rel. Leveski v. ITT Educational Services, Inc.*, No. 1:07-cv-867, 2010 WL

1936118, at *3 (S.D. Ind. May 12, 2010) (excluding certain exhibits because they were "not

referenced in the Second Amended Complaint" and were "not central to the case"); *Rosich v.

Sur-Townsend Pontiac, Inc.*, No. 2:09CV155, 2010 WL 1930653, at *2 (N.D. Ind. May 11,

2010) (declining to consider affidavits submitted in opposition to motion to dismiss).

     For the foregoing reasons, the Court should strike PTS's "reply" brief, or in the

alternative, grant Roche leave to file a five-page surreply to respond to the arguments made in

PTS's brief.

Dated: May 26, 2010                             Respectfully submitted,


                                                /s  Robert J. Gunther, Jr._____
                                                Robert J. Gunther, Jr. (admitted *pro hac vice)*
                                                James P. Barabas (admitted *pro hac vice)*
                                                Omar Khan (admitted *pro hac vice)*
                                                Violetta G. Watson (admitted *pro hac vice)*
                                                Wilmer Cutler Pickering Hale and Dorr LLP
                                                399 Park Avenue
                                                New York, New York 10022
                                                Telephone: (212) 230-8800

Facsimile: (212) 230-8888
Email:   robert.gunther@wilmerhale.com
            james.barabas@wilmerhale.com
            omar.khan@wilmerhale.com
            violetta.watson@wilmerhale.com

Nancy G. Tinsley, Atty. No. 15376-49-A
nancy.tinsley@roche.com
Associate General Patent Counsel, IP Litigation
Roche Diagnostics Operations, Inc.
9115 Hague Road, P.O. Box 50457
Indianapolis, IN  46250-0457
Telephone: (317) 521-1915
Facsimile: (317) 521-2883

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2010, a copy of the foregoing Memorandum in Support of Roche's Motion to Strike PTS's Reply in Support of its Motion to Enjoin Arbitration was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

| | |
|---|---|
| James P.Barabas<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>james.barabas@wilmerhale.com | Abram B. Gregory<br>Taft Stettinius & Hollister LLP<br>agregory@taftlaw.com |
| Rober J. Gunther, Jr.<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>robbert.gunther@wilmerhale.com | Carl A. Forest<br>Patton Boggs LLP<br>cforest@pattonboggs.com |
| Omar A. Khan<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>omar.khan@wilmerhale.com | Gregory Perrone<br>Patton Boggs LLP<br>gperrone@ pattonboggs.com |
| Violetta G. Watson<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>violetta.watson@wilmerhale.com | Robert P. Ziemian<br>Patton Boggs LLP<br>rziemian@pattonboggs.com |
| Nancy G. Tinsley<br>Roche Diagnostics Operations, Inc.<br>nancy.tinsley@roche.com | David J. Hensel<br>Taft Stettinius & Hollister LLP<br>dhensel@taftlaw.com |

/s/ Omar A. Khan_____
Omar A. Khan
Wilmer Cutler Pickering
    Hale and Dorr LLP
399 Park Avenue
New York, NY 10022