IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

POLYMER TECHNOLOGY SYSTEMS,
INC.

Plaintiff,

            v.            CIVIL ACTION NO.  1:10-cv-0061 LJM-TAB

ROCHE DIAGNOSTICS CORPORATION,
ROCHE DIAGNOSTICS GMBH, ROCHE
DIAGNOSTICS OPERATIONS, INC.,
ROCHE OPERATIONS LTD

Defendants.

**PTS' MEMORANDUM IN
RESPONSE TO ROCHE'S MOTION TO STRIKE PTS' REPLY MEMORANDUM**

Roche's Motion to Strike does exactly what it accuses PTS of doing.  Roche attempted a finesse by not responding to several issues raised in PTS' memorandum in support of its motion to enjoin the arbitration. Now that PTS in its Reply Memorandum has highlighted those shortcomings, Roche wants to either strike PTS' reply, or get another chance to respond.

PTS filed a separate Motion to Enjoin Roche From Arbitrating in Germany.   Under this Court's Local Rules, PTS is entitled to file a reply brief.  [L.R. 7.1(b)].  Because most of the points in support of that motion are so intertwined with the arguments and evidence raised by PTS in opposition to Roche's motion to compel arbitration, PTS combined its memorandum in support of its motion to enjoin with its response to Roche's motion to compel.  [DE # 60, 61] Roche did not object, and, in fact, combined its reply in support of its motion to compel with its response to PTS' motion to enjoin.  The interrelated nature of the motions notwithstanding, PTS did not interject new evidence into this process when it filed the reply that Roche now seeks to

529713

strike.

Roche complains that PTS is engaging in "gamesmanship" to get the last word. It is difficult to understand how filing a simple, short reply brief as permitted under the Local Rules to reply to Roche's fifteen page Reply Memorandum *and* Opposition to PTS' Motion to Enjoin is "gamesmanship".

The cases cited by Roche do not warrant striking PTS' Reply. Those cases primarily deal with submitting new evidence in support of a reply when the evidence would have correctly been introduced in a prior filing. Here, on the other hand, all of the evidence upon which PTS relies was submitted in PTS' first filing in connection with the motions related to the German arbitration. Roche's argument, therefore, that PTS is sandbagging is misplaced.

As indicated above, like PTS, Roche filed a single Memorandum in support of its Motion to Compel and in Opposition to PTS' Motion to Enjoin. Thus, Roche recognizes that the core arguments raised in connection with its Motion to Compel are intertwined with PTS' Motion to Enjoin. Now that PTS has highlighted the shortcomings of Roche's opposition to the Motion to Enjoin, Roche tries to pigeonhole PTS' arguments and argue that PTS' Reply is outside the scope of Roche's Opposition. Roche can't have it both ways. In its Reply Memorandum, PTS simply pointed out that Roche had failed to respond to three issues raised by PTS in its Motion to Enjoin Memorandum and presented law and arguments relating to three other issues not mentioned in Roche's initial memorandum but raised in Roche's Response Memorandum. Since PTS' Reply is permitted by the Local Rules and is a reply to arguments made by Roche in its Opposition Memorandum, PTS' Reply is a proper reply. Accordingly, Roche's Motion to Strike should be denied.

Roche also asks, in the alternative, to grant Roche leave to file a surreply to respond to

529713

arguments in PTS' reply brief.  This is telling, as it suggests that the Roche Motion to Strike is an attempt to file a surreply.  Roche had the opportunity to oppose PTS' Motion to Enjoin and did so in its Opposition Memorandum.  Accordingly, Roche has offered no basis upon which it should be granted leave to file a surreply.

Based on the foregoing, PTS respectfully submits that Roche's Motion to Strike PTS' Reply in Support of its Motion to Enjoin Arbitration and its request to file a surreply should be denied.

Respectfully submitted this 2nd day of June, 2010.

> */s/ Carl A. Forest*
> Carl A. Forest (Atty. No. 11037-49)
> Gregory Perrone  (Admitted pro hac vice)
> Robert P. Ziemian (Admitted pro hac vice)
> PATTON BOGGS LLP
> 1801 California Street, Suite 4900
> Denver, CO  80202
> Telephone:  303-894-6114
> Facsimile:   303-894-9239
> Email:  Cforest@pattonboggs.com
> Email:  Gperrone@pattonboggs.com
> Email:  rziemian@pattonboggs.com
>
> David J. Hensel (Atty. No.:  15499-49)
> Abram B. Gregory (Atty. No.: 25602-49)
> TAFT STETTINIUS & HOLLISTER LLP
> One Indiana Square, Suite 3500
> Indianapolis, Indiana  46204
> Telephone: 317-713-3500
> Facsimile:  317-713-3633
> Email: dhensel@taftlaw.com
> Email:  agregory@taftlaw.com
>
> Attorneys for
> Polymer Technology Systems. Inc.

529713

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| James P. Barabas<br>james.barabas@wilmerhale.com | David J. Hensel<br>Email: dhensel@taftlaw.com |
| Robert J. Gunther, Jr.<br>Robert.gunther@wilmerhale.com | Abram B. Gregory<br>agregory@taftlaw.com |
| Omar A. Khan<br>Omar.kahn@wilmerhale.com | Gregory Perrone<br>gperrone@pattonboggs.com |
| Violetta G. Watson<br>Violetta.watson@wilmerhale.com | Robert P. Ziemian<br>rziemian@pattonboggs.com |
| Nancy G. Tinsley<br>nancy.tinsley@roche.com | |

          */s/ Carl A. Forest*
          Carl A. Forest (Attorney No. 11037-49)

529713