UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| POLYMER TECHNOLOGY SYSTEMS, INC., <br>     Plaintiff, <br><br> vs. <br><br> ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS GMBH, ROCHE DIAGNOSTICS OPERATIONS, INC., ROCHE OPERATIONS LTD., <br>     Defendants. | 1:10-cv-0061-LJM-TAB |

### ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS AND ON PLAINTIFF'S MOTION TO ENJOIN ARBITRATION

This matter comes before the Court on Defendants', Roche Diagnostics Corporation, Roche Diagnostics GMBH, Roche Diagnostics Operations, Inc. and Roche Operations Ltd. (collectively "Roche"), Motion to Compel Arbitration and to Dismiss, and Plaintiff's, Polymer Technology Systems, Inc. ("PTS"), Motion to Enjoin Arbitration. PTS filed this action for declaratory judgment asserting non-infringement and invalidity claims regarding United States Patent No. 5,366,609 (the "'609 patent"). Roche responded by filing its Motion to Compel Arbitration on the non-infringement issue pursuant to a previously executed license agreement (the "License Agreement") under Federal Rule of Civil Procedure 12(b)(3) and to dismiss the invalidity claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons Roche's motion is **GRANTED** and PTS's motion is **DENIED**.

## I. <u>BACKGROUND</u>

PTS and Roche are competitors on the dry test strip market.  Pl.'s Ex. A ¶ 6.  They both design meters to read a dry test strip to which a blood sample is applied.  *Id.*  The meter then reads the strip to determine the presence of a certain analyte, e.g., cholesterol.  *Id.* ¶ 19.  In 2003, Roche sued PTS for infringement of among others, the '609 patent.  Def.'s Ex. 2.  In December 2003, Roche and PTS executed a settlement agreement and the License Agreement and further agreed to a stipulated final judgment.  Pl.'s Ex. A.

The License Agreement granted PTS a non-exclusive license to a portfolio of Roche's patents.  Def.'s Ex. 5.  It required PTS to provide periodic sales reports of licensed items to Roche, and then PTS paid Roche royalties based on the sales reports.  *Id.*  In 2006, PTS refused to provide Roche with any sales reports and stopped paying royalties.  Pl.'s Ex. A ¶¶ 38-39.  PTS claims that it failed to provide sales reports because by 2006 PTS had made substantial changes to the product in question, PTS's CardioChek meter.  Pl.'s Ex. C.  Therefore, PTS asserts that its CardioChek meter, no longer infringed on the '609 patent or any other patent held by Roche and, accordingly, the CardioChek was no longer a licensed product that required sales reports and royalty payments.  *Id.*

In a letter dated April 16, 2009, Roche informed PTS that it would commence arbitration pursuant to the License Agreement if PTS refused to provide Roche with sales reports regarding the CardioChek.  Compl. Ex. E at 1.  On December 18, 2009, Roche commenced arbitration in Germany according to its reading of the terms of the License Agreement.  Def.'s Ex. 1.  On January 15, 2010, PTS brought this action for declaratory judgment.  Dkt. No. 1.  The Court will supplement the facts as necessary.

## II. STANDARD

Motions to compel arbitration are decided under the rubric of Federal Rule of Civil Procedure 12(b)(3).  *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2003).  Under Rule 12(b)(3), a district court is "not obligated to limit its consideration to the pleadings nor to convert the motion to one for summary judgment." *Id.*  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the other hand, contains an evidentiary limit.  Fed. R. Civ. P. 12(b)(6).  A court may only review the sufficiency of the claim based on the pleadings.  *Id.*

To survive a motion to dismiss under Rule 12(b)(6), "[a] plaintiff's complaint need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief', sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing Fed. R. Civ. P. 8(a)(2)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint's "allegations must plausibly suggest that [Plaintiff] has a right to relief, raising that possibility above the 'speculative level.'"  *EEOC v. Concentra Health Care Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 555)).

## III. DISCUSSION

### A. INFRINGEMENT CLAIM

PTS argues that the Court should enjoin arbitration on the question of whether the CardioChek infringes on the '609 patent.  It asserts that it never agreed to arbitrate the

infringement issue and the language of the License Agreement provides a "carve out" for the litigation in district court.

At common law, arbitration agreements were disfavored. *See Am.'s Money Line, Inc. v. Coleman*, 360 F.3d 782, 784 (7th Cir. 2004). Congress enacted the Federal Arbitration Act ("FAA") in part to "require the courts to treat agreements to arbitrate like any other contract." *Id.* The FAA provides that "a written provision in any contract [that] evidence[s] an intent to settle by arbitration any future controversy arising out of such contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 556 (7th Cir. 2003) (quoting 9 U.S.C. § 2). "Although the Federal Arbitration Act favors resolution of disputes through arbitration, its provisions are not to be construed so broadly as to include claims that were never intended for arbitration." *Cont'l Cas. Co.*, 417 F.3d at 730. The question of whether the parties have agreed to arbitrate is normally answered by the courts rather than the arbitrator. *Id.* The Court must be mindful, however, that the question of arbitrability "must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983). Further, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*

The License Agreement provides in Section 12.2 that "[a]ny dispute or claim which may arise out of or in connection with this Agreement or the breach, termination or validity thereof shall be settled by final and binding arbitration." Def.'s Ex. 5. The License Agreement further provides that a "Licensed Product" is one that "would infringe one (1) or more" claims of the Licensed Patents, including the '609 patent, "but for the License

granted under the Agreement." Def.'s Ex. 5 § 1.9.  The Court notes that when the parties arbitrate whether a particular device triggers royalty obligations under the License Agreement, one of the defenses is that the device no longer infringes any claim of the Licensed Patent.  Therefore, an arbitration of that nature is tantamount to litigation on the question of whether a particular device, in this case the CardioCheck reader, infringes on any of the claims of a Licensed Patent, in this case the '609 patent.

PTS relies on Section 5.3 of the License Agreement to illustrate that an infringement question concerning whether PTS is selling a licensed product triggering a royalty obligation is excluded from the arbitration provision in the License Agreement.  Section 5.3 provides:

> <u>Patent Validity Actions.</u>  If PTS brings or prosecutes by itself, or either directly or indirectly assists any Third Party in any proceedings relating to the validity, enforceability, inventorship, ownership, control or licensing of any of Licensed Patent Rights, except as a defense in an infringement action brought by ROCHE against PTS, ROCHE may immediately terminate the license rights granted to PTS hereunder in any or all countries.  Where PTS already prosecutes by itself, or either directly or indirectly assists any Third Party in any proceedings relating to the validity, enforceability, inventorship, ownership, control or licensing of any of the Licensed Patent Rights at the Effective Date of this Agreement, PTS shall take all reasonable steps to terminate such prosecution or proceedings without undue delay.  For purposes of this Section "assist" shall not include any information that PTS is required or obligated to disclose or provide as a matter of law or Court Order.

Def.'s Ex. 5.  PTS asserts that this language provides two separate "carve outs" for litigation of infringement issues.  First, PTS claims that Section 5.3 shows that PTS may bring or prosecute by itself an action related to infringement of the Roche patents, but such action allows Roche to terminate the license rights.  Second, PTS asserts that the Section provides that in the event that Roche initiates an infringement action against PTS, PTS may

bring or prosecute any proceeding relating to infringement as a defense, but Roche will not be allowed to terminate the license. The Section is titled "Patent Validity Actions." The plain language of the provision does not appear to provide any "carve out" for PTS to initiate the litigation of infringement issues as it never mentions infringement in that context. Accordingly, pursuant to Section 12.2, the question of whether the CardioChek meter infringes on the '609 patent must be determined in arbitration. Roche's motion to compel arbitration is **GRANTED** and Count II of PTS's Complaint is **DISMISSED**. *See Cont'l Cas. Co*, 417 F.3d at 733 (in the case of a motion to compel arbitration, dismissal pursuant to Fed. R. Civ. P. 12(b)(3) is the appropriate remedy). Further, PTS's Motion to Enjoin Arbitration is **DENIED**.

### B. INVALIDITY CLAIM

Roche asserts that the 2003 litigation involving the CardioChek device is preclusive on the issue of the validity of the '609 patent. PTS argues that its claim that the '609 patent is invalid should not be dismissed because it has substantially redesigned the CardioChek device such that it is not essentially the same as the CardioCheck device involved in the 2003 litigation. Therefore, according to PTS, its invalidity claim is not barred by res judicata. In order to support its assertion, PTS relies heavily on affidavits. At this stage in the litigation, Roche's Motion to Dismiss must be decided on the face of the pleadings. Fed. R. Civ. P. 12(b)(6); *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998).

Claim preclusion requires that the party asserting it demonstrate three things: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Roboserve Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1034 (7th Cir. 1997); *see also Media Techs. Licensing, LLC v. Upper Deck Co.*, 334 F.2d 1366, 1369 (Fed. Cir. 2003) (holding that the law of the regional circuit where the district court sits applies to questions of res judicata, even though a case may generally implicate the infringement and validity of a U.S. patent). In a patent action, "claim preclusion does not apply unless the accused device in the action before the court is essentially the same as the accused device from the prior action." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323-34 (Fed. Cir. 2008) (internal quotation omitted). PTS asserts that the CardioChek system that Roche accuses of infringement in the arbitration is not "essentially the same" as the system involved in the 2003 litigation and therefore is not subject to res judicata principles.

The "identity of the claim" prong is concerned with whether the newly-asserted claim is within the scope of the original action. PTS asserts in its Complaint that it "sells no products covered by the '609 patent." Compl. ¶ 18. However, it has not pled that the CardioChek device at issue in this litigation is not essentially the same as the CardioChek device at issue in the 2003 litigation. *See Hallco Mfg. v. Foster*, 256 F.3d 1290, 1297-98 (Fed. Cir. 2001) (concluding that "if the second device is the same as the first device, the issue of validity is barred by the proceeding regarding the first device." (internal quotations and alterations omitted)). Therefore, the Court concludes that PTS's invalidity claim is barred by claim preclusion. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008)

7

(noting that a res judicata defense is appropriate for disposition on a 12(b)(6) motion). Accordingly, the remainder of PTS's Complaint is **DISMISSED**.[1]

## IV.  CONCLUSION

For the foregoing reasons, Defendants', Roche Diagnostics Corporation, Roche Diagnostics GMBH, Roche Diagnostics Operations, Inc., and Roche Operations LTD., Motion to Compel Arbitration and Dismiss is **GRANTED**, and Plaintiff's, Polymer Technology Systems, Inc., Motion to Enjoin Arbitration is **DENIED**.

IT IS SO ORDERED this 20th day of September, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

James P. Barabas
WILMER CUTLER PICKERING HALE and DORR LLP
james.barabas@wilmerhale.com

Carl Anthony Forest
PATTON BOGGS LLP
cforest@pattonboggs.com

---

[1] PTS filed a Reply in Support of its Motion to Enjoin Arbitration. Dkt. No. 84. Roche filed a motion to strike it, arguing that it went beyond the scope of PTS's original cross motion. Dkt. No. 88. Both PTS and Roche have filed combined memorandums in support of their motions and in opposition to the motion of the other party. As a result, the core arguments for each motion are intertwined, and PTS has not gone so far outside the issues already raised that its Reply is improper. Accordingly, Roche's Motion to Strike is **DENIED** and it is **DENIED** leave to file a sur-reply.

Robert J. Gunther Jr.
WILMER CUTLER PICKERING HALE and DORR LLP
robert.gunther@wilmerhale.com

David J. Hensel
PENCE HENSEL LLC
dhensel@pencehensel.com

Omar A. Khan
WILMER CUTLER PICKERING HALE and DORR LLP
omar.khan@wilmerhale.com

Gregory Perrone
PATTON BOGGS LLP
gperrone@pattonboggs.com

Nancy G. Tinsley
ROCHE DIAGNOSTICS OPERATIONS, INC.
nancy.tinsley@roche.com

Violetta G. Watson
WILMER CUTLER PICKERING HALE and DORR LLP
violetta.watson@wilmerhale.com

Robert P. Ziemian
PATTON BOGGS LLP
rziemian@pattonboggs.com